John E. MacDonald, Esq. (Attorney ID 011511995)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
(609) 357-1183 (tel); (609) 844-1102 (fax)
*jmadconald@constangy.com*
*Attorneys for Defendants Restoration of America, Inc.*
*and Voter Reference Foundation LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | (Electronically Filed) <br><br><br> CIVIL ACTION <br><br> Civil Action No. 1:24-cv-4324 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

11726912v1

Defendants Restoration of America (ROA) and Voter Reference Foundation (VRF) (together "Defendants") filed their Motion to Dismiss with supporting authorities on June 14, 2024. (Dkt. Nos. 16, 17, 18). On August 8, 2024, Plaintiffs filed a seventy-page opposition (Dkt. No. 21) regarding the separate, Consolidated Motion to Dismiss by all defendants (which ROA and VRF separately joined). Plaintiffs' Opposition failed address any of the arguments raised by Defendants ROA and VRF regarding preemption of Daniel's Law by the National Voter Registration Act, 52 U.S.C. § 20501 *et. seq.*, and its unconstitutional burdens on Defendants' political speech. *See generally* (Dkt. No. 21).

The Third Circuit has been clear that "[f]ailing to bring an argument at the appropriate time can result in a finding of waiver." In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers, 38 F.4th 361, 373 (3d Cir. 2022) (citing Pinchler v. UNITE, 542 F.3d 380, 396 n.19 (3d Cir. 2008) ("holding an argument waived where a party raised it at oral argument, but not in its briefs"); *see also* Confer v. Custom Eng'g Co., 952 F.2d 41, 44 (3d Cir. 1991). Courts within the Third Circuit faithfully apply this principle in the motion to dismiss setting. *See, e.g.*, Michael v. Bravo Brio Rests, LLC, 2024 U.S. Dist. LEXIS 102504, at *18, n6 (D.N.J. June 10, 2024) ("Defendant did not respond to [the] argument in its brief, and thus waives any argument in opposition to Plaintiff's argument…") (citing Dreibelbis v.

2

Scholton, 274 F.App'x 183, 185 (3d Cir. 2008) (affirming district court's grant of a motion to dismiss on grounds raised in defendants' opposition but not addressed in plaintiff's opposition); Woodell v. Coach, 2022 U.S. Dist. LEXIS 220420, at *3 (D.N.J. Dec. 7, 2022) ("As Woodell does not address these arguments in his opposition brief, any arguments in opposition are deemed waived." (citing Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd., 2013 U.S. Dist. LEXIS 120593 (D.N.J Aug. 26, 2013)). *Selective Insurance Company of America v. Christeyns Laundry Technology, LLC*, 2020 WL 6194015, *5 (D.N.J. Oct. 22, 2020) ("[Defendant] apparently conceded this argument by failing to address it in its Response to [Plaintiff's] Motion.").

District Courts throughout the Third Circuit have consistently found that the failure to address an issue in an opposition to a motion to dismiss waives any potential opposition. "[W]hen "[a] brief in opposition to a motion to dismiss [ ] fails to respond to a substantive argument to dismiss a particular claim" that "results in the waiver or abandonment of that claim." *See Barber v. Rivello*, No. 1:22-CV-1840, 2024 WL 198904, at *3 (M.D. Pa. Jan. 18, 2024); *Culley v. Cumberland Valley School District*, 2016 WL 775091, *4 (M.D. Pa. Feb. 29, 2016) ("[B]ecause Plaintiffs' brief wholly fails to address this argument, they have in effect waived their opposition to Defendant's request for dismissal of their monetary damages claim."); *Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*, 2008 WL 906545, *16 (M.D.

Pa. Mar. 31, 2008) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.").

Defendants therefore request that the Court grant their motion and dismiss the Complaint against them with prejudice.

Dated: September 13, 2024     Respectfully submitted,

CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By:    */s/ John E. MacDonald*
John E. MacDonald (Attorney ID 011511995)
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
jmacdonald@constangy.com
(609) 357-1183 (tel); (609) 844-1102 (fax)
*Attorneys for Defendants Restoration of America, Inc. and Voter Reference Foundation*

11726912v1