

## State of New Jersey

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | PO Box 45029<br>Newark, NJ 07101 | MICHAEL C. WALTERS<br>*Acting Director* |

June 6, 2025

<u>**VIA CM/ECF**</u>

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

      Re:    Atlas Data Privacy Corp., et al. v. Infomatics, LLC, et al., No. 24-cv-04041; Atlas Data Privacy Corp., et al. v. Smarty, LLC, et al., No. 24-cv-08075; Atlas Data Privacy Corp., et al. v. We Inform LLC, et al., No. 24-cv-04037, 24-cv-04045-HB; and Atlas Data Privacy Corp., et al. v. Restoration of America, et al., No. 24-cv-4324; Atlas Data Privacy Corp., et al. v. Innovis Data Solutions, Inc., et al., No. 24-cv-04176

Dear Judge Bartle:

      We write on behalf of the Attorney General of New Jersey regarding motions to dismiss raising constitutional preemption defenses under three statutes that we are currently aware of:

      (1) the motions filed by Defendants We Inform LLC, The People Searchers, LLC, InfoMatics, LLC, and Smarty, LLC (collectively, "We Inform Defendants") under the Communications Decency Act (CDA), 47 U.S.C. § 230, *see* ECF 46-1, No. 24-cv-4041; ECF 34-1, No. 24-cv-8075;

      (2) the motion filed by Defendants Restoration of America and Voter Reference Foundation LLC (collectively, "Restoration Defendants") under the National Voter Restoration Act (NVRA), 52 U.S.C. §§ 20501-20511, *see* ECF 16, No. 24-cv-4324; and



124 Halsey Street, Newark, NJ 07101 • TELEPHONE: (973) 648-4441 • FAX: (973) 648-3956
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

(3) the motion filed by Defendant Innovis Data Solutions, Inc. under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681-1681x, *see* ECF 45-5, No. 24-cv-04176.

Under Federal Rule of Civil Procedure 5.1, Defendants were required to give the Attorney General notice regarding their constitutional preemption filings against Daniel's Law, N.J.S.A. 56:8-166.1, under Section 230, the NVRA, the FCRA, and any other statutes on which constitutional preemption claims have been asserted. Defendants did not do so. Accordingly, the Attorney General requests that the Court adjourn the hearing currently scheduled for June 16, 2025, on the Section 230 and FCRA issues and permit the Attorney General to intervene to file a consolidated brief addressing all three issues—and any other preemption arguments that have been raised but for which the Attorney General has not yet received notice. In the alternative, we ask the Court to grant the Attorney General time to move to intervene with regards to Defendants' preemption defenses and, if the motion is granted, file a brief defending the constitutionality of Daniel's Law regarding these claims.

In early 2024, Plaintiff Atlas Data Privacy Corporation, as the assignee of Covered Persons under Daniel's Law, filed more than 40 actions in New Jersey state court alleging violations of Daniel's Law, many of which were then removed to federal court (collectively, the "Atlas Actions"). Many defendants, including the We Inform Defendants, then moved to dismiss, arguing that Daniel's Law was facially unconstitutional under the First Amendment. ECF 27-33, No. 24-04105. This Court allowed the Attorney General to file a brief "in opposition to Defendants' motions to dismiss on the ground that Daniel's Law … is unconstitutional on its face." ECF 22, No. 24-4037. But at that time, only a First Amendment challenge had been made.

On November 26, 2024, the Court denied Defendants' motions. *See Atlas Data Privacy Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322 (D.N.J. 2024). On December 12, 2024, the Court issued an order allowing Defendants to move forward with certain motions not related to the First Amendment challenge. ECF 39, No. 24-4037. On March 18, 2025, the We Inform Defendants then filed a separate motion to dismiss, arguing that Daniel's Law is preempted by Section 230 of the CDA. ECF 45-1, No. 24-4037. That same day, Defendant Innovis Data Solutions, Inc. also filed a motion to dismiss, arguing that Daniel's Law is preempted by the FCRA. ECF 45-5, No. 24-cv-04176. Similarly, on June 14, 2024, the Restoration Defendants filed a motion to dismiss, arguing that Daniel's Law is preempted by the NVRA. ECF 16-1, No. 24-4324. On May 29, 2025, the Court set a briefing schedule for that motion. ECF 60, No. 24- 4324.

In making those preemption motions, Defendants failed to give notice to the Attorney General under Rule 5.1. That Rule requires that, when a party files a "pleading, written motion, or other paper drawing into question the constitutionality of a … state statute," the party "must promptly" both "file a notice of constitutional question" and "serve the notice and paper" on the state attorney general. Fed R. Civ. P. 5.1(a). Preemption is one such constitutional question, *see, e.g., Ocean Cnty. Bd. of Commissioners v. Att'y Gen. of N.J.*, 8

June 6, 2025
Page 3

F.4th 176, 181 (3d Cir. 2021), and courts repeatedly find that preemption challenges, like those brought by Defendants, should be noticed under Rule 5.1.[1] Accordingly, given the Attorney General's strong interest in defending the validity of this state statute, *e.g.*, *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022), the Attorney General should not be prejudiced by Defendants' failure to give notice of these constitutional preemption challenges, *see*, *e.g.*, *Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, 23-1550, 2025 WL 289230, at *2 n. 16 (3d Cir. Jan. 24, 2025) (by failing to notify the U.S. Attorney General, the defendant had failed to preserve arguments raised for the first time on appeal); *Citizens For A better Lawnside, Inc. v. Bryant*, 05-cv-4286, 2006 WL 3825145, at *8 (D.N.J. Dec. 22, 2006) (dismissing constitutional challenge without prejudice where the moving party had "failed to serve the notice on the New Jersey Attorney General").

The Attorney General therefore requests that the Court adjourn the hearing on the CDA Section 230 and FCRA challenges currently scheduled for June 16, 2025 and permit the Attorney General to file a consolidated brief addressing Defendants' defenses under Section 230 of the CDA, the NVRA, the FCRA—as well as any other statutes on which constitutional preemption claims have been asserted. In the alternative, we respectfully request that the Court grant the Attorney General time to move to intervene on Defendants' preemption defenses under Section 230 of the CDA, the NVRA, and the FCRA, if those motions are granted, file a consolidated brief defending the validity of Daniel's Law for those three challenges. With regard to both groups of motions to dismiss, we propose that the Attorney General file a consolidated response brief by July 14, 2025, with any response briefs from Defendants due on July 28, 2025.

Respectfully,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Kashif Chand
Assistant Attorney General
Kashif.Chand@law.njoag.gov

---

[1] *E.g.*, *Backus Fed'n of Nurses, Local 5149 v. William W. Backus Hosp.*, 24-cv-1658, 2024 WL 5041117, at *1 (D. Conn. Dec. 9, 2024); *Taylor v. JBS Foods USA*, 23-cv-3031, 2024 WL 3424732, at *3 (D.S.D. July 16, 2024); *von Kahle v. Cargill, Inc.*, 21-cv-8532, 2022 WL 4096164, at *1 (S.D.N.Y. Sept. 7, 2022); *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, 18-cv-2980, 2020 WL 6395442, at *16 (D. Ariz. Nov. 2, 2020).