**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,<br><br>                                        Plaintiffs,<br><br>v.<br><br>RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                                        Defendants. | CIVIL ACTION NO. 3:24-cv-4324 (HB)<br><br><br><br>**DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL** |

Defendants Restoration of America and Voter Reference Foundation LLC (hereinafter collectively "Defendants"), by and through their undersigned attorneys, and by way of Answer to Plaintiffs' Complaint, state as follows:

**INTRODUCTION**

1. This paragraph does not contain factual allegations requiring an admission or denial. To the extent a response is required, apart from admitting the existence of Daniel's Law, Plaintiffs are left to their proofs.

2. Defendants cannot admit or deny what the Complaint "seeks," and the remainder of the paragraph contains generalized hyperbole to which no answer is required.

3. Any and all alleged misconduct by the Defendants is denied.

13528811v1

4. The allegations of this Paragraph contain legal conclusions to which no answer need be given.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5. This Paragraph contains no allegations directed at Defendants.

6. This Paragraph contains no allegations directed at Defendants.

7. This Paragraph contains no allegations directed at Defendants.

### New Jersey Passes Daniel's Law in 2020

8. The existence of Daniel's Law in New Jersey is admitted. The remainder of the Paragraph contains legal conclusions to which no answer need be given.

9. The provisions of Daniel's Law speak for themselves.

### Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022

10. This Paragraph contains legal conclusions to which no answer need be given.

11. This Paragraph contains legal conclusions to which no answer need be given.

12. This Paragraph contains legal conclusions to which no answer need be given.

### Violence Against Police Officers and Judges Has Not Stopped

13. This paragraph does not contain factual allegations directed at Defendants requiring an admission or denial.

14. This paragraph does not contain factual allegations directed at Defendants requiring an admission or denial.

## THE PARTIES

### The Individual Plaintiffs

15. Since the JANE DOE-1 Plaintiff is not identified, Defendants lack the ability to

-3-

admit or deny the allegations of this Paragraph.

16. Since the JANE DOE-2 Plaintiff is not identified, Defendants lack the ability to admit or deny the allegations of this Paragraph.

17. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

18. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

19. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

20. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

21. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

22. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

23. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

**Plaintiff Atlas and its Assignors**

24. Admitted that Atlas is a Delaware Corporation, otherwise denied.

25. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

26. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

27. Admitted that Atlas transmitted this request to Defendants.

28. Denied.

29. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

30. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

31. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

32. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

33. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

34. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

35. The allegations of this Paragraph do not require a response from the Defendants, as it does not contain actual allegations.

**<u>Defendants</u>**

36. Admitted that Defendants provide information through its internet service, otherwise denied.

37. Admitted that Defendants provide information through its internet service, otherwise denied.

38. The allegations of this Paragraph do not require a response from the Defendants, as it does not contain actual allegations.

-5-

39. Admitted that the Defendants used the domain name voterref.com, otherwise denied.

40. Denied that Defendants have taken any action in violation of law.

41. The provisions of Daniel's Law speak for themselves.

## JURISDICTION AND VENUE

42. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

43. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

## FACTS COMMON TO ALL COUNTS

44. The provisions of Daniel's Law speak for themselves.

45. The provisions of Daniel's Law speak for themselves.

46. The provisions of Daniel's Law speak for themselves.

47. The provisions of Daniel's Law speak for themselves.

48. The provisions of Daniel's Law speak for themselves.

49. The provisions of Daniel's Law speak for themselves.

50. The provisions of Daniel's Law speak for themselves.

51. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

52. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

53. Denied.

54. Denied.

13528811v1

-6-

55. Defendants lack sufficient information to either admit or deny the allegations of this Paragraph.

56. The allegations contained in this Paragraph constitute legal conclusions to which no answer need be given.

## COUNT ONE

### (Daniel's Law)

57. Defendants repeat, reallege and incorporate by reference each and every allegation contained in the previous paragraphs as if fully set forth herein

58. Admitted that Atlas sent a communication to Defendants, otherwise denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**WHEREFORE**, Defendants Restoration of America and Voter Reference Foundation LLC demand judgment against Plaintiffs dismissing the Complaint in its entirety, together with interest, costs of suit, attorney's fees, and any additional relief permitted by law.

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' allegations fail to set for a cause of action upon which relief can be granted.

### Second Affirmative Defense

Daniel's Law, as applied to Defendants' publication of publicly available voter registration information, violates the First Amendment to the United States Constitution. The Supreme Court has

-7-

repeatedly held that the government cannot prohibit the publication of lawfully obtained truthful information about matters of public concern.

### **Third Affirmative Defense**

Federal law preempts Daniel's Law as applied to voter registration information. The National Voter Registration Act of 1993, 52 U.S.C. § 20501 *et seq*., establishes a comprehensive federal scheme for voter registration that includes specific provisions regarding the public availability of voter registration information.

### **Fourth Affirmative Defense**

To the extent Defendants' database contains information obtained from federal sources subject to the Freedom of Information Act, 5 U.S.C. § 552, federal law preempts state restrictions on redistribution of this information. FOIA establishes a federal policy favoring public access to government records. States cannot undermine this federal policy through state privacy laws that prohibit redistribution of FOIA-disclosed materials.

### **Fifth Affirmative Defense**

Information lawfully obtained from public records cannot form the basis for liability under Daniel's Law. Voter registration records are public records maintained by state and county governments. New Jersey itself has made these records publicly available. The state cannot simultaneously designate information as a public record available to anyone and then impose liability on those who disseminate it.

### **Sixth Affirmative Defense**

Daniel's Law is unconstitutionally vague as applied to Defendants.

-7-

**Seventh Affirmative Defense**

To the extent any alleged violations occurred outside the applicable statute of limitations period, those claims are time-barred. While Plaintiffs allege ongoing violations, any discrete violations occurring before the limitations period began cannot form the basis for liability.

**Eighth Affirmative Defense**

To the extent Plaintiffs seek equitable relief, such relief is barred by the doctrine of unclean hands. This affirmative defense is specifically preserved for development through discovery concerning Plaintiffs' conduct in relation to the claims asserted.

**Ninth Affirmative Defense**

Plaintiffs' allegations are barred by the common law doctrines of waiver and estoppel, since they failed to respond to the reasonable inquiries of Defendants relating to the alleged assignments.

**Tenth Affirmative Defense**

Plaintiffs' allegations are barred by the common law doctrines of waiver and estoppel, due to the purposefully burdensome manner in which the deletion requests were transmitted *en masse* to Defendants, despite Plaintiffs having presumably acquired the alleged deletion requests over a period of time.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred since the underlying statute's absence of a verification mechanism is a violation of Defendants' commercial free speech and due process rights.

**Twelfth Affirmative Defense**

Daniel's Law's statutory damages scheme violates the Due Process Clause of the Fourteenth Amendment.

-9-

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred for lack of standing.

### Fourteenth Affirmative Defense

Daniel's Law's statutory damages scheme is Unconstitutional due to its failure to identify a *mens rea* for violation.

### Fifteenth Affirmative Defense

Defendant reserves the right to assert further Separate Affirmative Defenses following the Third Circuit and New Jersey Supreme Court determinations regarding the Constitutionality and/or application of Daniel's Law.

### JURY DEMAND

Defendants hereby demand a trial by jury on all issues triable of right by a jury.

Dated: October 3, 2025

CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: */s/ John E. MacDonald*
John E. MacDonald (NJ Bar No. 011511995)
100 Charles Ewing Boulevard, Suite 140
Ewing, NJ 08628
jmacdonald@constangy.com
(609) 357-1183 (tel)
(609) 844-1102 (fax)
*Attorneys for Defendants*
*Restoration of America, Inc. and*
*Voter Reference Foundation LLC*