PEM LAW LLP

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

August 28, 2026

**VIA CM/ECF**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for
the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re: In re Daniel's Law Compliance Litigation**
**Docket Nos: 24-4292 (Melissa Data Corp.)**
**25-1535 (Innovative Web Solutions, LLC)**
**24-4098 (Quantarium Alliance, LLC)**
**24-4174 (Labels & Lists, Inc.)**
**24-11023 (Spy Dialer, Inc.)**
**24-4385 (Synaptix Technology LLC)**
**24-8075 (Smarty, LLC)**
**24-4041 (Infomatics, LLC)**
**24-4045 (The People Searchers, LLC)**
**24-4037 (We Inform, LLC)**
**24-4345 (i360)**
**24-4664 (Rocketreach LLC)**
**24-4176 (Innovis Data Solutions, Inc.)**
**24-8451 (Compact Information Systems, LLC)**
**24-4269 (Thomson Reuters)**
**24-4143 (Civil Data Research, LLC)**
**24-4141 (Digital Safety Products, LLC)**
**24-4160 (Scalable Commerce, LLC)**
**24-4178 (Accurate Append, Inc.)**
**24-4324 (Restoration of America)**
**25-9224 (FreedomSoft303, LLC)**
**24-4096 (Delvepoint, LLC)**
**24-4609 (Nuwber, Inc.)**

Dear Judge Bartle:

Please accept this letter brief, in lieu of a more formal submission, in support of Plaintiffs' motion pursuant to *Fed. R. Civ. P.* 26(f) and 37(a)(3)(B) to compel Defendants in the above-captioned cases to participate in the ESI conferences the Court instructed the parties to conduct during the July 30, 2026 status conference.

As the Court is aware, Plaintiffs have been attempting to elicit basic discovery from the various Defendants in these cases for months, including amended Rule 26(f) disclosures, in an effort to determine the scope of discovery going forward. Defendants have fought each incremental issue and recently moved to stay these cases all together. The Court denied that stay, and Defendants should be compelled to at the very least participate in the ESI conferences the Court already ordered, so discovery can continue apace.

Unlike in an ordinary motion to compel, Plaintiffs need not show that the information sought is relevant, and Defendants cannot claim that it is not or that participating in an ESI conference is somehow unduly burdensome. *See Barton v. RCI, LLC,* 2013 WL 1338235, at *3 (D.N.J. Apr. 1, 2013); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 2021 WL 229400, at *6 (E.D. Pa. Jan. 21, 2021).

Here, the Court ordered the parties to conduct these conferences under Rule 26(f), as part of Defendants' obligation to make initial disclosures regarding the location of relevant documents including those systems "involved in the disclosures." *See* Ex. A to the Certification of Rajiv D. Parikh ("Parikh Cert.") at 35:10. The Court further stated "the defendants are the ones that have the information. The plaintiff said there's been disclosure and they want to understand your system. And only you understand that. So it seems to me you have an obligation to produce that information to the plaintiffs . . . . Defendants have got to disclose their systems and not say that the plaintiff has to figure it out before you disclose it." *Id.* at 35: 4-8; 37: 22-23.

Plaintiffs then contacted each Defendant within a week of the July 30, 2026 status conference and followed up with several when they failed to respond. The details of Plaintiffs' correspondence are set out in more detail in Plaintiffs' letter filed today in tandem with this motion.[1] A month has passed since the status conference, and Defendants continue to refuse the Court's instructions.

---

[1] Further details of Plaintiffs' correspondence with and attempts to schedule ESI conferences with these Defendants are provided in the letter filed with this motion, attached as Exhibit B to the Parikh Cert. Twelve of these Defendants have not responded to Plaintiffs at all regarding the ESI conferences. Eight responded but did not provide their availability. Four have caused other delays, and others have responded but very little progress has been made because Defendants do not wish to participate in discovery, despite the Court's instructions.

Plaintiffs respectfully request the Court issue an order (1) requiring the above-captioned Defendants to schedule an ESI conference with Plaintiffs within seven days; (2) advising that if any Defendant fails to do so, Plaintiffs are permitted to seek appropriate sanctions; and (3) the discovery deadlines set forth in the Court's July 30, 2026 scheduling order are extended by two weeks. A proposed order was filed with this motion.

Plaintiffs appreciate the Court's continued attention to these matters and are available at the Court's convenience, including for a further status conference, should that assist in bringing these Defendants into compliance.

Respectfully submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

*/s/ Rajiv D. Parikh*
RAJIV D. PARIKH

RDP
c: Counsel of Record (via CM/ECF)